**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

TERRIA WILLIAMS,

Plaintiff,

v.

SHARON AMELUNG,

Defendant.

Case No. 3:26-CV-00309-MMD-CLB

**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE[1]**

[ECF No. 1]

Before the Court is Plaintiff Terria Williams's ("Williams") *pro se* complaint, (ECF No. 1-1), and application to proceed *in forma pauperis*, (ECF No. 1). For the reasons discussed below, the Court recommends Williams's application be granted and her complaint be dismissed with leave to amend.

**I.    *IN FORMA PAUPERIS* APPLICATION**

A person may be granted permission to proceed *in forma pauperis* ("IFP") if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefore. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

Pursuant to LSR 1-1: "Any person who is unable to prepay the fees in a civil case may apply to the court for leave to proceed *in forma pauperis*. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities."

"[T]he supporting affidavit [must] state the facts as to [the] affiant's poverty with

---

[1]    This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of Williams's application to proceed IFP reveals she is unable to pay the filing fee. Accordingly, the Court recommends Williams's IFP application, (ECF No. 1), be granted.

## II.    SCREENING STANDARD

Prior to ordering service on any Defendant, the Court is required to screen an *in forma pauperis* complaint to determine whether dismissal is appropriate under certain circumstances. *See Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (noting the *in forma pauperis* statute at 28 U.S.C. § 1915(e)(2) requires a district court to dismiss an *in forma pauperis* complaint for the enumerated reasons). Such screening is required before a litigant proceeding *in forma pauperis* may proceed to serve a pleading. *Glick v. Edwards*, 803 F.3d 505, 507 (9th Cir. 2015).

"[T]he court shall dismiss the case at any time if the court determines that – (A) the allegations of poverty is untrue; or (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. When reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See, e.g.*, *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling

on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The Court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in *pro se* complaints are "held to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotations marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of actions," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**III.    SCREENING OF COMPLAINT**

Williams sues Defendant Sharon Amelung ("Amelung") for changing her treatment plan without her consent and for moving her therapist to a clinic in Gardnerville, NV. (ECF No. 1-1 at 4.) Williams states she now has to find a new therapist that is not on Zoom because "Zoom gives [her] fatigue symptoms." Williams asserts Amelung's conduct violates: (1) the Fifth Amendment; (2) the Eighth Amendment; (3) her administrative due process rights; (4) 38 C.F.R. § 17.32; (5) 42 U.S.C. § 9501; and (6) constitutes the intentional infliction of emotional distress. (*Id.*) There are two problems the Court will

address.

First, although Williams asserts six causes of action she provides only four sentences of allegations and does not explain how these allegations support each cause of action. This will not suffice. Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quotation and alteration omitted). Here, given the scant allegations, the Court cannot discern whether Williams can state a *prima facie* case for relief "that is plausible on its face." *Id.* Second, Williams does not provide sufficient information about Amelung for the Court to determine if it has jurisdiction. For example, although Williams states Amelung is the "Clinical Program Manager for Rural Clinics," (ECF No. 1-1 at 1), she does not explain whether that is a federal, state, or private position. Whether the Court has jurisdiction, and whether Williams can sue Amelung, depends on the answer to this.

Given these issues, the Court recommends Williams's complaint, (ECF No. 1-1), be dismissed with leave to amend so she can provide sufficient allegations to support her claims and explain how the Court has jurisdiction over Amelung.

### A.    Amended Pleading Requirements

If Williams chooses to file an amended complaint, she is advised that an amended complaint supersedes (replaces) the original complaint and, thus, the amended complaint must be complete in and of itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"). Any allegations, parties, or requests for relief from prior papers that are not carried forward will no longer be before the court. Williams should clearly title the amended pleading as "First Amended Complaint." For each Defendant and each claim, Williams must allege true facts sufficient to show they violated her rights based on the above discussion. If Williams chooses to file an amended complaint curing the deficiencies as outlined in this

recommendation, she should file the amended complaint within 30 days from the date of entry of the District Court's order addressing this report and recommendation. If Williams chooses not to file an amended complaint curing the stated deficiencies the action will be subject to dismissal for failure to state a claim.

**IV.    CONCLUSION**

For the reasons outlined above, the Court recommends Williams's application to proceed IFP, (ECF No. 1), be granted, and that her complaint, (ECF No. 1-1), be dismissed with leave to amend.

Williams is advised:

1.      Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.      This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

**V.    RECOMMENDATION**

**IT IS THEREFORE RECOMMENDED** that Williams's application to proceed *in forma pauperis*, (ECF No. 1), be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that Williams's *pro se* complaint, (ECF No. 1-1), be dismissed with leave to amend.

**IT IS FURTHER RECOMMENDED** that if Williams chooses to file an amended complaint curing the deficiencies outlined in this order, she shall file the amended complaint within 30 days from the date of entry of the District Court's order addressing this report and recommendation.

///

///

**IT IS FURTHER RECOMMENDED** that if Wiliams chooses not to file an amended complaint curing the stated deficiencies, her case will be subject to dismissal for failure to state a claim.

DATED: May 11, 2026 .

_____
**UNITED STATES MAGISTRATE JUDGE**